Exhibit "A"

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th fl.  at 09:15 AM - 12/14/2022
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.  There is no right to a trial denovo on appeal from a decision entered by a Judge.

*Filed and Attested by the Office of Judicial Records*
*17 FEB 2022 04:34 pm*
*S. RICE*

LAW OFFICE OF WILLIAM J. FAUST, II
By:  William J. Faust, II, Esquire
Identification No. 36990
1301 S. Broad Street, Suite 205
Philadelphia, PA  19147
215-334-4313

*Attorney For Plaintiff*

| | | |
|---|---|---|
| LAUREN HOLLEY | : | IN THE COURT OF COMMON PLEAS |
| 5050 Aspen Street | : | OF PHILADELPHIA COUNTY, |
| Philadelphia, PA 19139 | : | PENNSYLVANIA |
|   *Plaintiff* | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | ARBITRATION |
| DSW, DESIGNER SHOE WAREHOUSE, DSW, INC. | : | |
| 80 E. Wynnewood Road | : | TERM, 2022 |
| Wynnewood, PA 19096 | : | |
| and | : | |
| WYNNEWOOD SHOPPING CENTER | : | |
| 50 East Wynnewood Road | : | |
| Wynnewood, PA 19096 | : | |
| and | : | |
| FEDERAL REALTY INVESTMENT TRUST | : | |
| c/o 909 Rose Avenue, Suite 200 | : | |
| North Bethesda, MD 20852 | : | |
| and | : | |
| FEDERAL REALTY INVESTMENT TRUST | : | |
| c/o CORPORATION SERVICE COMPANY | : | |
| 2595 Interstate Drive, Suite 103 | : | |
| Harrisburg, PA 17110 | : | |
|   *Defendants* | : | |

## NOTICE

    You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.
YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER,  GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

Case ID: 220201917

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

*Philadelphia Bar Association*
*Lawyer Referral and Information Service*
*One Reading Center*
*Philadelphia, Pennsylvania 19107*
*Telephone (215) 238-1701*

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea advisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

*Asociacion De Licenciados De Filadelfia*
*Servicio De Referencia E Informacion Legal*
*One Reading Center*
*Filadelfia, Pennsylvania 19107*
*Telefono: (215) 238-1701*

Case ID: 220201917

LAW OFFICE OF WILLIAM J. FAUST, II
By: William J. Faust, II, Esquire
Identification No. 36990
1301 S. Broad Street, Suite 205
Philadelphia, PA  19147
215-334-4313                                                                                    *Attorney For Plaintiff*

| | |
|---|---|
| LAUREN HOLLEY<br>5050 Aspen Street<br>Philadelphia, PA 19139<br><center>*Plaintiff*</center><br>vs.<br><br>DSW, DESIGNER SHOE WAREHOUSE,<br>DSW, INC.<br>80 E. Wynnewood Road<br>Wynnewood, PA 19096<br><center>and</center><br>WYNNEWOOD SHOPPING CENTER<br>50 East Wynnewood Road<br>Wynnewood, PA 19096<br><center>and</center><br>FEDERAL REALTY INVESTMENT TRUST<br>c/o 909 Rose Avenue, Suite 200<br>North Bethesda, MD 20852<br><center>and</center><br>FEDERAL REALTY INVESTMENT TRUST<br>c/o CORPORATION SERVICE COMPANY<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110<br><center>*Defendants*</center> | IN THE COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY,<br>PENNSYLVANIA<br><br>CIVIL ACTION - LAW<br>ARBITRATION<br><br><br>TERM, 2022 |

## **COMPLAINT IN CIVIL ACTION - PREMISES LIABILITY**

Plaintiff, Lauren Holley, by and through the undersigned counsel, attorney William J. Faust, II, Esquire, hereby demands judgement against Defendants, DSW, Designer Shoe Warehouse, DSW, Inc., Wynnewood Shopping Center, Federal Realty Investment Trust and Federal Realty Investment Trust c/o Corporation Service Company in an amount not in excess of Fifty Thousand Dollars ($50,000.00), upon a cause of action whereof the following are true statements:

Case ID: 220201917

1. Plaintiff Lauren Holley is an adult individual presently and at all relevant times residing at the above-captioned address.

2. Defendant, DSW, Designer Shoe Warehouse, DSW, Inc., is an Ohio business corporation, regularly conducting substantial business in Philadelphia County, Pennsylvania, and maintaining a corporate headquarters, registered office and/or principal place of business at the address above-captioned.

3. Defendant, Wynnewood Shopping Center, is a Pennsylvania business corporation, regularly conducting substantial business in Philadelphia County, Pennsylvania, and maintaining a corporate headquarters, registered office and/or principal place of business at the address above-captioned.

4. Defendant Federal Realty Investment Trust c/o 909 Rose Avenue, North Bethesda, MD is a Maryland domestic business corporation, regularly conducting substantial business in Philadelphia County, Pennsylvania, and maintaining a corporate headquarters, registered office and/or principal place of business at the address above-captioned.

5. Defendant Federal Realty Investment Trust c/o Corporation Service Company is a Pennsylvania domestic business corporation, regularly conducting substantial business in Philadelphia County, Pennsylvania, and maintaining a corporate headquarters, registered office and/or principal place of business at the address above-captioned.

6. On or about May 26, 2021, Plaintiff was a business invitee inside the DSW Designer Shoe Warehouse commonly known as the DSW located at 80 E. Wynnewood Road, Wynnewood, PA 19096. While walking in the aisle inside the store, she was caused to slip, trip and fall into the endcap shelf which was an unreasonably dangerous condition of said premises.

Case ID: 220201917

7. As a direct and proximate result of the aforesaid incident, Plaintiff sustained a right hand and right shoulder injury (i.e., right shoulder rotator cuff tear), by reason of which she has experienced and will continue to experience pain and suffering, loss of enjoyment of life's pleasures, embarrassment and humiliation, and disfigurement.

8. As a further direct and proximate result of the aforesaid incident, Plaintiff has been obliged to incur expenses for medicines, medical attention and healthcare in trying to treat and cure said injuries, and will be compelled to expend and/or incur additional sums for the same purposes in the future.

9. As a further direct and proximate result of the aforesaid incident, Plaintiff has been and/or may in the future be prevented from attending to her usual and daily occupation and/or daily duties, thereby suffering a loss of earnings and/or impairment of earning capacity.

10. As a further direct and proximate result of the aforesaid incident, Plaintiff has suffered or may suffer a severe loss of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which Plaintiff would have performed, not for income, but for the benefit of herself if she had not been injured.

WHEREFORE, Plaintiff, Lauren Holley, demands compensatory damages be awarded in her favor and against Defendants, DSW, Designer Shoe Warehouse, DSW, Inc., Wynnewood Shopping Center, Federal Realty Investment Trust and Federal Realty Investment Trust c/o Corporation Service Company, individually, jointly and/or severally, in an amount not in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs of suit and such other relief as this court deems just.

Case ID: 220201917

## COUNT I

## LAUREN HOLLEY vs. DSW, DESIGNER WAREHOUSE, DSW, INC.

11. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

12. At all times material hereto, Defendant's acts and/or omissions were accomplished by Defendant's agents, workers, representatives and/or employees who were then and there acting and/or failing to act within the scope and course of their agency and/or employment.

13. At all times material hereto, Defendant owned, possessed, controlled, managed, supervised, repaired, inspected and/or maintained the aforesaid premises, including but not limited to the area where the subject incident occurred.

14. The aforesaid incident was directly and proximately caused by Defendant's negligence as follows:

> (a) Allowing the aforesaid endcap shelf to exist and remain inside the premises for a long period of time;
>
> (b) Failing to provide a reasonably safe walkway for individuals such as Plaintiff;
>
> (c) Failing to keep the premises in a reasonably safe condition;
>
> (d) Failing to properly control the premises;
>
> (e) Failing to properly manage the premises;
>
> (f) Failing to properly supervise the premises;
>
> (g) Failing to properly repair the premises;
>
> (h) Failing to properly inspect the premises;
>
> (i) Failing to properly maintain the premises;

Case ID: 220201917

(j) Failing to take precautionary measures to minimize the risk of harm to individuals such as Plaintiff;

(k) Failing to correct an unreasonably dangerous condition of which Defendant knew and/or should have known;

(l) Failing to place or provide appropriate signs, warnings and/or barricades;

(m) Failing to give Plaintiff the proper and adequate protection to which she was entitled; and

(n) Failing to offer or provide individuals such as Plaintiff a reasonably safe alternative path.

15. As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff sustained the injuries and incurred the damages set forth above.

WHEREFORE, Plaintiff, Lauren Holley, demands compensatory damages be awarded in her favor and against Defendant, DSW, Designer Shoe Warehouse, DSW, Inc., individually, jointly and/or severally, in an amount not in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs of suit and such other relief as this court deems just.

## COUNT II

### LAUREN HOLLEY vs. WYNNEWOOD SHOPPING CENTER

16. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

17. At all times material hereto, Defendant's acts and/or omissions were accomplished by Defendant's agents, workers, representatives and/or employees who were then and there acting and/or failing to act within the scope and course of their agency and/or employment.

Case ID: 220201917

18. At all times material hereto, Defendant owned, possessed, controlled, managed, supervised, repaired and/or maintained the aforesaid premises, including but not limited to the area where the subject incident occurred.

19. The aforesaid incident was directly and proximately caused by Defendant's negligence as follows:

(a) Allowing the aforesaid endcap shelf to exist and remain inside the premises for a long period of time;

(b) Failing to provide a reasonably safe walkway for individuals such as Plaintiff;

(c) Failing to keep the premises in a reasonably safe condition;

(d) Failing to properly control the premises;

(e) Failing to properly manage the premises;

(f) Failing to properly supervise the premises;

(g) Failing to properly repair the premises;

(h) Failing to properly inspect the premises;

(i) Failing to properly maintain the premises;

(j) Failing to take precautionary measures to minimize the risk of harm to individuals such as Plaintiff;

(k) Failing to correct an unreasonably dangerous condition of which Defendant knew and/or should have known;

(l) Failing to place or provide appropriate signs, warnings and/or barricades;

(m) Failing to give Plaintiff the proper and adequate protection to which she was entitled; and

(n) Failing to offer or provide individuals such as Plaintiff a reasonably safe alternative path.

20. As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff sustained the injuries and incurred the damages set forth above.

WHEREFORE, Plaintiff, Lauren Holley, demands compensatory damages be awarded in her favor and against Defendant, Wynnewood Shopping Center, individually, jointly and/or severally, in an amount not in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs of suit and such other relief as this court deems just.

## COUNT III

### LAUREN HOLLEY vs. FEDERAL REALTY INVESTMENT TRUST
### c/o 909 ROSE AVENUE

21. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

22. At all times material hereto, Defendant's acts and/or omissions were accomplished by Defendant and/or Defendant's agents, workers, representatives and/or employees who were then and there acting and/or failing to act within the scope and course of their agency and/or employment.

23. At all times material hereto, Defendant owned, possessed, controlled, managed, supervised, repaired, inspected and/or maintained the aforesaid premises, including but not limited to the area where the subject incident occurred.

24. The aforesaid incident was directly and proximately caused by Defendant's negligence as follows:

(a) Allowing the aforesaid endcap shelf to exist and remain inside the premises for a long period of time;

(b) Failing to provide a reasonably safe walkway for individuals such as Plaintiff;

(c) Failing to keep the premises in a reasonably safe condition;

(d) Failing to properly control the premises;

(e) Failing to properly manage the premises;

(f) Failing to properly supervise the premises;

(g) Failing to properly repair the premises;

(h) Failing to properly inspect the premises;

(i) Failing to properly maintain the premises;

(j) Failing to take precautionary measures to minimize the risk of harm to individuals such as Plaintiff;

(k) Failing to correct an unreasonably dangerous condition of which Defendant knew and/or should have known;

(l) Failing to place or provide appropriate signs, warnings and/or barricades;

(m) Failing to give Plaintiff the proper and adequate protection to which she was entitled; and

(n) Failing to offer or provide individuals such as Plaintiff a reasonably safe alternative path.

25. As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff sustained the injuries and incurred the damages set forth above.

WHEREFORE, Plaintiff, Lauren Holley, demands compensatory damages be awarded in her favor and against Defendant, Federal Realty Investment Trust c/o 909 Rose Avenue, individually, jointly and/or severally, in an amount not in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs of suit and such other relief as this court deems just.

## COUNT IV

### LAUREN HOLLEY vs. FEDERAL REALTY INVESTMENT TRUST c/o CORPORATION SERVICE COMPANY

26. Plaintiff incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

27. At all times material hereto, Defendant's acts and/or omissions were accomplished by Defendant and/or Defendant's agents, workers, representatives and/or employees who were then and there acting and/or failing to act within the scope and course of their agency and/or employment.

28. At all times material hereto, Defendant owned, possessed, controlled, managed, supervised, repaired, inspected and/or maintained the aforesaid premises, including but not limited to the area where the subject incident occurred.

29. The aforesaid incident was directly and proximately caused by Defendant's negligence as follows:

Case ID: 220201917

(a) Allowing the aforesaid endcap shelf to exist and remain inside the premises for a long period of time;

(b) Failing to provide a reasonably safe walkway for individuals such as Plaintiff;

(c) Failing to keep the premises in a reasonably safe condition;

(d) Failing to properly control the premises;

(e) Failing to properly manage the premises;

(f) Failing to properly supervise the premises;

(g) Failing to properly repair the premises;

(h) Failing to properly inspect the premises;

(i) Failing to properly maintain the premises;

(j) Failing to take precautionary measures to minimize the risk of harm to individuals such as Plaintiff;

(k) Failing to correct an unreasonably dangerous condition of which Defendant knew and/or should have known;

(l) Failing to place or provide appropriate signs, warnings and/or barricades;

(m) Failing to give Plaintiff the proper and adequate protection to which she was entitled; and

(n) Failing to offer or provide individuals such as Plaintiff a reasonably safe alternative path.

30. As a direct and proximate result of Defendant's aforesaid negligence, Plaintiff sustained the injuries and incurred the damages set forth above.

WHEREFORE, Plaintiff, Lauren Holley, demands compensatory damages be awarded in her favor and against Defendant, Federal Realty Investment Trust c/o Corporation Service Company, individually, jointly and/or severally, in an amount not in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs of suit and such other relief as this court deems just.

Respectfully Submitted,

LAW OFFICES OF WILLIAM J. FAUST, II, P.C.

BY: *William J. Faust*
WILLIAM J. FAUST, II, ESQUIRE
Attorney for Plaintiff, Lauren Holley

Case ID: 220201917

## VERIFICATION

The Undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____
Lauren Holley
Plaintiff

Date: 2-17-22

Case ID: 220201917